IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT NATHANIEL JARVIS, | : | |
| Petitioner, | : | 1:19-cv-0328 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| WARDEN, | : | |
| Respondent. | : | |

## **MEMORANDUM**

## **April 2, 2019**

On February 26, 2019, Petitioner Robert Nathanal Jarvis ("Petitioner"), at the time a pre-trial detainee confined at the Lackawanna County Prison, Scranton, Pennsylvania, initiated the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to be released from his unlawful confinement. (Doc. 1). Preliminary consideration of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, reveals that the petition is subject to summary dismissal.[1]

---

[1] Rule 4, which governs preliminary review of petitions, states that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself. . . . " *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

## I. BACKGROUND

Petitioner alleges that he was arrested on December 5, 2018, and confined to the Lackawanna County Prison. (Doc. 1, p. 1, ¶¶ 1, 2). According to the electronic docket in Court of Common Pleas of Lackawanna County Criminal Case Number CP-35-CR-0001903-2018, retrieved from Pennsylvania's Unified Judicial System, http://ujsportal.pacourts.us., Dunmore Borough Police Department initially arrested Petitioner on or about August 5, 2018, for a multitude of drug and other criminal offenses. The district magistrate judge set bail on that same day and he was released from custody. On December 5, 2018, he was rearrested and the court granted the Commonwealth's motion to revoke/release and forfeit bail. Thereafter, it appears that the court granted his renewed request for bail and released him from custody on or about February 25, 2019.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 2254, a person in state custody may file an application for a writ of habeas corpus challenging the fact or length of his or her confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973); *Tedford v. Hepting*, 990 F.2d 745, 748 (3d Cir. 1993). However, this section specifically provides that the person must be in custody pursuant to the judgment of a State court. *See* 28 U.S.C. § 2254(a). It is apparent from the instant petition that Petitioner has not yet been tried or convicted on the criminal charges he faces in

Lackawanna County, and, thus, he is not yet in custody pursuant to the judgment of a state court.

Moreover, according to the state court electronic document, he is no longer in custody and therefore, not unlawfully confined. Consequently, the petition is rendered moot. *See Khodara Envtl., Inc. ex rel. Eagle Envtl., L.P. v. Beckman*, 237 F.3d 186, 192-93 (3d Cir. 2001) ("Article III of the Constitution grants the federal courts the power to adjudicate only actual, ongoing cases or controversies."); *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the merit of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").

## III. CONCLUSION

For the reasons set forth above, the petition for writ of habeas corpus will be dismissed.

## IV. CERTIFICATE OF APPEALABLITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of

reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, there is no basis for the issuance of a certificate of appealability.

The denial of a certificate of appealability does not prevent Petitioner from appealing the order dismissing his petition so long as he seeks, and obtains, a certificate of appealability from the court of appeals. *See* FED. R. APP. P. 22(b)(1), (2).

A separate Order will enter.